Harper, J.
On one side the motion is for nonsuit or new trial, on the ground that no action can be maintained on the judgement under which the defendant was taken in execution in Kentucky, and discharged under the law of that State.
On the other, it is to reverse the order of the judge at chambers, discharging the defendant’s bail; it being contended, that although the defendant may be exempted from arrest in Kentucky, on the judgement obtained there, yet being sued in this State, he must be subject to the process which the laws of the State afford, for the enforcement of a judgement. It is agreed that if he be not subject to the final process of capias ad satisfaciendum, he was not liable to be arrested under the capias ad respondendum.
The' statute of Kentucky, of which a transcript has been produced to us, enacts, “ that if any person now is, or hereafter may be taken or charged in-execution, it shall be lawful for such person to give notice, and apply to two justices of the peace, deliver in a schedule of his estate and effects, and take the oath of an insolvent debtor, at any time after arrest, *604 *n ^ie same manner, and under the like rules and regulations, and with the same effect and consequences, as-if such person, accor(bng to the existing law, had remained in the prison bounds or jail, for the space of twenty days.”
it It shall be lawful for the plaintiff or plaintiffs in such execution, to sue out from time to time, writs of fieri facias against the estate of the defendant, without scire facias or other process, notwithstanding the defendant may have taken the oath of an insolvent debtor, and under such execution, any estate now subject by law to execution, which such debtor had at the time he took such oath, or may thereafter acquire, may be taken in execution and sold as in other cases.”
The ground on which it is contended that an action will not lie at all in this State, is, that according to the common law, which is also the law of Kentucky, the arrest on a ca. sa. was of itself a satisfaction of the judgement; but this seems hardly to be seriously relied on. Admit that it is in all cases satisfaction, unless where it is otherwise provided by statute, the statute of Kentucky does provide that a discharge under it shall not be a satisfaction of the judgement. Fieri facias, or any other process against property may be issued under it, which could not be, if there were not an existing judgement. T he statute does not discharge the debt, but only regulates the process by which payment shall be afterwards enforced. And this makes the difference between the present case, and that of Brown and Overstreet v. Wallen, 4 M’C. 364. In that case the discharge under the insolvent laws of Georgia was a discharge from the debt. But it would be strange, that while there is a valid existing judgement in Kentucky, there should be no means of enforcing it against the defendant in this State.
But the point principally contested related to the discharge of the bail. Several American cases have determined, that though a defendant who has been discharged from imprisonment under the insolvent laws of another State, may be entitled to have his person exempted from imprisonment in the State in which he is afterwards sued, yet he cannot take advantage of his exemption by mdtion to discharge the bail, but must be put to plead it. t am of opinion, however, that the defendant is not exempted from arrest on final process in this State, and the ground of the motion must therefore fail altogether.
In Milan v. Duke of Fitz James, 1 Bos. & Pul. 138, it was held, (Mr. Justice Heath dissenting,) that the defendant was not liable to arrest on a contract made in France, on which, by the laws of France, he was not liable to arrest in that country. And this doctrine was approved of, though the point was not decided, by Lord Chancellor Rosslyn, in Talleyrand v. Boulanger, 3 Ves. 449. But in Imlay v. Ellefsen, 2 East, 453, Lord Ellenborough dissented from those decisions, and ex *605 pressed his concurrence in the decision of Mr. Justice Heath, and the point was abandoned by the counsel, (Erskine).
In Smith v. Spinolla, 2 Johns. Rep. 198, the motion was that an exoneretur should be entered on the hail piece. It ap. peared from the affidavit that the contract was made in Madeira, and that both parties were subjects of Portugal, extend, ing to Madeira. Defendant was not liable to arrest on that contract. The motion was refused, on the ground that the lex loci applies only to the interpretation of contracts, but that the remedy on them must be prosecuted according to the laws of the country in which the action is brought.
The case of Sicard v. Whale, 11 Johns. Rep. 194, is pre. cisely in point. The parties were residing, and the contract made, in Pennsylvania, and the defendant obtained his discharge from imprisonment under the laws of that State, which exempted his person from all future liability. It was held that in New York the plaintiff was entitled to the remedy provided by that State, and subject to arrest. See also Scoville v. Canfield, 14 Johns. Rep. 338, and Peck v. Hozier & Mulock, Ib. 346. There are many other American cases to the same ef. feet, and with these and the decision of Lord Ellenborough we agree, because they seem conformable to the general principle which appears to be universally recognized, and has been so in this State, in the case of Levy v. Boas, 2 Bail. 219, “that the lex loci contractus is to be observed in deciding on the nature, validity and construction of the contract; but the form of the action, the course of judicial proceedings, and the time when the action must be commenced, must be directed exclusively by the laws of the State in which the action is brought.” See Nash v. Tupper, 1 Caine, 402; Pearsall v. Dwight, 2 Mass. Rep. 84, and Duplex v. De Roven, 2 Vern. 540.
The plaintiffs’ motion is granted, and that of the defendant dismissed.
Johnson and O’Neall, Js. concurred.